UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>LEA LORAINE LACHENAUER,<br><br>　　　　　　　　Defendant. | NO: 2:13-CR-0169-TOR<br><br>ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |

　　　BEFORE THE COURT is Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 59).  Defendant is proceeding *pro se*.  The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, the Court denies Defendant's motion.

## BACKGROUND

　　　On April 14, 2014, the Court sentenced Defendant to a 96 month term of imprisonment followed by a 5 year term of supervised release and $2,200 in monetary penalties. ECF No. 47.  The advisory guidelines were calculated by the

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 1


Court, but in no respect were the guidelines influenced or calculated based on the definition of crime of violence contained in U.S.S.G. § 4B1.2(a)(2) ("... or otherwise involves conduct that presents a serious potential risk of physical force against the person of another").  This so-called residual clause is worded identical to the residual clause which was the subject of the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (18 U.S.C. § 924(e)(2)(B)(ii)), the case upon which Defendant relies as the basis for her section 2255 motion.  *See* ECF No. 59 at 1-2.

## DISCUSSION

**A. Motion to Vacate, Set Aside or Correct Sentence**

The Court considers Defendant's motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings.  Rule 4 provides that the Court "must promptly examine [the motion].  If it plainly appears . . . that the moving party is not entitled to relief, the judge must dismiss the motion . . ."

Here, Defendant is plainly not entitled to relief.  The calculation of the advisory guidelines did not involve the residual crime of violence definition in any manner whatsoever.

Accordingly, because Defendant has failed to demonstrate any conceivable grounds for relief, her motion (ECF No. 59) is **DENIED**.

//

**B. Certificate of Appealability**

A petitioner seeking post-conviction relief may appeal a district court's dismissal of the court's final order in a proceeding under 28 U.S.C. § 2255 only after obtaining a certificate of appealability ("COA") from a district or circuit judge.  28 U.S.C. § 2253(c)(1)(B).  A COA may issue only where the applicant has made "a substantial showing of the denial of a constitutional right." *See id.* § 2253(c)(2).  To satisfy this standard, the applicant must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted).

The Court concludes that Defendant is not entitled to a COA because he has not demonstrated that jurists of reason could disagree with the Court's resolution of his constitutional claim or conclude the issue presented deserves encouragement to proceed further.

//

//

//

//

//

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 3

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 59) is **DENIED**.

2. The District Court Executive is hereby directed to enter this Order and furnish copies to the parties.  The Court further certifies that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  This file and the corresponding civil file shall be **CLOSED**.

**DATED** July 5, 2016.



THOMAS O. RICE
Chief United States District Judge

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 4